(61 App. Div. 71.)

PEOPLE ex rel. CURRAN v. BOARD OF TRUSTEES OF VILLAGE OF ALBION.

(Supreme Court, Appellate Division, Fourth Department. April 30, 1901.)

MUNICIPAL CORPORATIONS—POUND MASTER—JANITOR—DISMISSAL—VETERAN—REINSTATEMENT—MANDAMUS.

    Albion Village Charter, tit. 2, § 2, authorizes the board of trustees to appoint a pound master, to hold office for one year, or during the pleasure of the board. Laws 1899, c. 370, § 21, provides that no person holding a position of employment in the state of New York, or in the villages thereof, who is an honorably discharged soldier, sailor, or mariner, shall be discharged except after a hearing on due notice. Relator, a veteran, was appointed village pound master on March 20, 1899, and in connection therewith performed the functions of village janitor, and served until March 19, 1900, when his successor was appointed. *Held*, that the contention that relator was entitled to peremptory mandamus requiring the board of trustees to reinstate him as janitor because he held no office, but was merely employed as janitor without a fixed term, could not be sustained, since relator held the office of pound master, and his successor was not appointed until the expiration of relator's term.

    Adams, P. J., and Spring, J., dissenting.

Appeal from special term, Orleans county.

Application by the people on the relation of George Curran for a peremptory writ of mandamus to compel the board of trustees of the village of Albion to reinstate relator as janitor of the village building. From an order granting the writ, defendant appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Isaac S. Signor, for appellant.

Thomas A. Kirby, for respondent.

WILLIAMS, J.   The order appealed from should be reversed, and the motion for a mandamus denied.   The order was made under a misapprehension as to the facts.   The court regarded the respondent, during the year prior to the appointment of his successor, as holding the position of janitor merely, when in fact he held the office of pound master, as shown by the petition and the affidavits made by the appellants.   The petition stated, among other things, "that he [petitioner] claimed to be entitled to hold the position of janitor and pound master;   *   *   *   that he, from the 24th day of March, 1899, down to the 19th day of March, 1900, had acted in and discharged the duties of the position herein referred to, he having been duly appointed to such position by the board of trustees," etc.; and the prayer for relief was that "an order to show cause issue   *   *   * directing and requiring the   *   *   *   board of trustees   *   *   * to show cause   *   *   *   why a peremptory writ of mandamus should not issue requiring the said board to remove the said Daniel Sweeney from the office of janitor   *   *   *   and pound master, and to reinstate and reappoint your petitioner to said office," etc. The president of the village in his affidavit testified "that the said Curran was appointed janitor and pound master on the 20th day of March, 1899, and held his position until the 19th day of March, 1900."   The court was in error, therefore, in regarding the respondent during the year prior to the appointment as holding the position of janitor merely, and not the office of pound master.   There was no office provided for by the charter known as janitor, but there was an office appointive by the trustees known as pound master, whose duties were provided for.   The charter was originally passed by the legislature in 1842, and was chapter 125 of the Laws of that year.   It was amended and fully re-enacted in 1879, and was chapter 142 of the Laws of that year.   Some of its provisions were amended in 1900 by chapter 646 of the Laws of that year, which took effect April 24th of that year, after the appointment of respondent's successor.   By section 2, tit. 2, it was provided that among the appointive officers of the village should be a pound master.   This section was amended by the act of 1900, but the provision as to pound master was retained, indicating an intent not to abandon this office. By section 5 of the same title it was provided that the appointive officers should be selected by the board of trustees, and should hold office during the pleasure of said board, but not longer than one year, except in case of reappointment.   By subdivision 12, § 6, tit. 4, it was provided that the board of trustees should have power to establish and regulate a public pound, and to restrain cattle, etc., and to authorize the impounding of the same, etc.; and by section 9, tit. 5, it was provided that the pound master should have the powers and perform the duties conferred and imposed upon him by this act and upon town pound masters by any statute of this state, and such other lawful powers and duties as the board of trustees might prescribe.   It appears that this board of trustees had provided no pound recently, and that, therefore, there were no duties peculiarly connected with that office to perform; but the board had power, under the provision of the charter above referred to, to con-

fer and impose any other duties upon the pound master which it might prescribe, and the duties ordinarily performed by a janitor seem to have been imposed upon the pound master, and then he was known as pound master and janitor. The real office, however, was pound master. To this office the respondent was appointed. He held the office for one year. Then his term of office expired, and his successor was appointed. The court made the order upon the theory that the respondent held no office, but merely a position as employé; and that, while an appointment to office would expire at the end of one year, such employment would be without any term, and the respondent could not be removed under the civil service law, so called (section 1, c. 312, Laws 1884, as amended by chapter 821, Laws 1896, and section 21, c. 370, Laws 1899), except upon charges made, and a trial had after notice to him. We have seen, however, that the respondent held an appointive office, and that such office expired when the appointment of the respondent's successor was made. The board did not remove the respondent from his employment, but appointed another person to the office at the expiration of respondent's term. The order granting a peremptory writ of mandamus was therefore improperly made. In the event respondent claimed the right to be reappointed to the office, his fitness to hold the office would be involved, and, a question of fact arising as to such fitness, an alternative writ would be the proper remedy. Section 21, c. 370, Laws 1899. The papers do not seem, however, to be sufficient to enable this court to afford such relief.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion for a peremptory writ of mandamus denied, with $10 costs, without prejudice to the respondent's right to move for an alternative writ, if so advised.

McLENNAN and LAUGHLIN, JJ., concur.

SPRING, J. (dissenting). The relator performed the duties of janitor, which was a mere employment, and not one of the offices enumerated in the village charter. It existed in name, but there was no pound, and no services had been performed in connection with it for several years. When the relator was employed it was expected he would act as a janitor, and he did so. When it was deemed necessary to displace him, the position of pound master was resurrected to give a pretext for his summary removal. He was employed as a janitor, but removed as a pound master, in order to evade the preference to which he was entitled as a veteran.

The order granting the peremptory writ of mandamus should be affirmed, with $10 costs and disbursements to the relator.

ADAMS, P. J., concurs.